RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

KEITH D. WILLIAMS, No. 10796
kwilliams@kcnvlaw.com
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Telephone: 702.792.7000
Facsimile: 702.796.7181

Attorneys for Plaintiff
Devolver Digital, Inc.

LEAH MARTIN LAW
Leah A. Martin, Esq. (NV Bar 7982)
lmartin@leahmartinlv.com
Kevin Hejmanowski, Esq. (NV Bar 10612)
khejmanowski@leahmartinlv.com
601 South Rancho Drive, Suite C-26
Las Vegas, Nevada 89106
Telephone: (702) 420-2733
Facsimile: (702) 330-3235

Attorneys for Defendant
ESC-Toy, Ltd. and Erick Chatel

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEVOLVER DIGITAL, INC.,

Plaintiff,

v.

ESC-TOY, LTD. and ERICK CHATEL,

Defendants.

Case No: 2:26-cv-01534-APG-BNW

**JOINT DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1, Plaintiff Devolver Digital, Inc. ("Devolver") and Defendants ESC-Toy, Ltd. and Erick Chatel ("Defendants"), by and through their undersigned counsel, submit this Joint Discovery Plan and Proposed Scheduling Order.

## I. CONFERENCE BETWEEN THE PARTIES

The parties met and conferred by videoconference on July 6, 2026 pursuant to this Court's rules. The parties previously conducted a Rule 26(f) conference on April 16, 2026, while the action was pending in the Western District of Texas, and filed a Joint Rule 26 Report and Proposed Scheduling Order in that court on April 30, 2026. Dkt. 14.

## II. STATEMENT OF THE CASE

Devolver's Statement: This is an intellectual property infringement action arising from Defendants' willful and unauthorized use of Devolver's intellectual property. Devolver owns the registered DEVOLVER DIGITAL marks and is the exclusive licensee of copyrights in the Hotline Miami franchise and of the HOTLINE MIAMI mark (collectively, "Devolver IP"). In 2015, Devolver engaged ESC to fulfill and produce certain merchandise, called "collaboration products." For that specific purpose, Devolver granted ESC a limited-use license tied to ESC's merchandising services, which ended when ESC's service ended. The agreement was terminated over six years ago, in 2019.

Thereafter, ESC (and its principal, Chatel) used the Devolver IP without authorization, including by producing new Hotline Miami products, marketing them under the HOTLINE MIAMI and DEVOLVER DIGITAL marks, and falsely describing these products as "official" Hotline Miami products created in collaboration with Devolver. Chatel also registered copyrights in unauthorized derivative works, fraudulently representing to the Copyright Office that he has rights in Hotline Miami.

Despite Devolver's demands that Defendants cease their infringing conduct, Defendants refused. Devolver brought this action and asserted the following causes of action: (1) Trademark Infringement under 15 U.S.C. § 1114; (2) False Designation of Origin/ Unfair Competition Under

15 U.S.C. § 1125(a); and (3) Copyright Infringement under 17 U.S.C. § 101. It also submitted takedown notices for Defendants' infringing social media posts under the Digital Millennium Copyright Act.

In retaliation against Devolver's enforcement of its intellectual property rights, including by filing this action and submitting DMCA notices, Defendants filed seventeen counterclaims against Devolver and eight counterclaims against Devolver's outside counsel of record in this case as well as one of its attorneys. Dkt. 40. Devolver moved to dismiss Defendants' counterclaims under Nevada's anti-SLAPP statute, Nev. Rev. Stat. 41.660, and separately, under Federal Rule of Civil Procedure 12(b)(6). Dkt. 43, 44. Devolver also moved to strike certain affirmative defenses asserted by Defendants. Dkt. 49. Devolver's outside counsel and named attorney have not been served, but they anticipate filing motions to dismiss on multiple grounds and under anti-SLAPP.

Defendants' Statement: This action arises from a collaboration Devolver itself initiated. In 2014, Devolver approached ESC-Toy, Ltd. ("ESC"), an established designer and manufacturer of collectible art, to design, sculpt, and produce Hotline Miami collectible figures, which ESC funded through public Kickstarter campaigns and marketed with ESC's co-designer credit on the approved packaging. The parties' April 30, 2015 Fulfillment and Collaboration Agreement (the "Agreement") governs that relationship. Section 9 of the Agreement preserves ESC's exclusive right to sell Collaboration Products following termination, and Sections 18 and 19 set out Devolver's intellectual-property warranties and indemnification obligations. ESC also created original character designs that appear in no Hotline Miami game, and ESC owns thirty United States copyright registrations for its works, issued between October 2019 and December 2024—years before the registrations Devolver obtained in December 2025.

On June 26, 2019, following the wind-down of ESC's fulfillment services, Devolver's then-outside counsel confirmed ESC's rights in writing, including with respect to Section 9. Devolver did not sue for nearly seven years. Beginning in December 2025, shortly after obtaining its own registrations, Devolver caused DMCA takedown notices to be submitted against ESC's

accounts and listings in which it identified itself as the copyright owner, although it pleads here that it is an exclusive licensee of copyrights owned by others. Defendants contend that the notices contained knowing, material misrepresentations; that Devolver has identified no written transfer satisfying 17 U.S.C. § 204(a); and that Devolver's campaign destroyed ESC's storefronts, accounts, and prospective business relationships, including a multi-title publishing opportunity. Defendants' seventeen counterclaims (Dkt. 40)—including under 17 U.S.C. § 512(f), for breach of the Agreement and its warranties, and for declaratory relief concerning non-infringement and Devolver's chain of title—seek redress for that conduct and are not, as Devolver asserts, "retaliation."

Devolver filed this action in the Western District of Texas notwithstanding the Agreement's mandatory Nevada forum-selection clause; on Defendants' motion, the case was transferred to this District on May 14, 2026, based on findings that Defendants' relationship with the intellectual property at issue arises from the Agreement. Dkt. 18. Defendants answered on June 5, 2026 (Dkt. 33) and amended on June 23, 2026 (Dkt. 40). Devolver has since filed four motions in eight days (Dkts. 43, 44, 47, 49); Defendants' oppositions are due July 21, 22, and 28, 2026, and will set out Defendants' positions in full. Defendants respectfully submit that the case management conference the parties jointly request below is the appropriate forum to address scheduling and sequencing in light of the pending motions.

## III. FED. R. CIV. P. 26(f) STATEMENT

### a. Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The parties previously exchanged initial disclosures. Devolver served its initial disclosures on May 8, 2026. Defendants served its initial disclosures on May 11, 2026.

### b. Subject of Discovery (Fed. R. Civ. P. 26(f)(3)(B))

The Parties anticipate using all discovery permitted under the Federal Rules, and taking discovery on all claims and defenses, including on liability and damages.

<u>Devolver's Position</u>: Devolver has served discovery requests and a notice of deposition. On April 16, 2026, the Parties conferred under Rule 26(f), and Devolver served interrogatories

and requests for production. *See* Dkt. 14 at 3. Defendants' deadline to respond to Devolver's first set of written discovery was May 18, 2026. Defendants did not serve any responses or objections by this deadline, did not move to stay discovery, and as of the date of this report, still has not served any responses or objections. On June 26, 2026, Devolver served a notice of deposition on Erick Chatel for July 14, 2026. Defendants have stated that they will not produce Mr. Chatel for his noticed deposition and refused to provide alternative dates. The parties have met and conferred on both disputes. On July 8, 2026, Devolver filed a motion to compel responses, documents, and Mr. Chatel's deposition. Dkt. 47.

Devolver will seek discovery on at least the following: the creation, manufacture, advertising, and sales of the products that Devolver alleges to infringe its copyrights and trademarks (the "accused products"); the bases for Defendants' purported intellectual property rights in the accused products, and in the Hotline Miami franchise and the DEVOLVER DIGITAL and HOTLINE MIAMI marks; revenue generated from the accused products and accused use of the DEVOLVER DIGITAL and HOTLINE MIAMI marks; consumer confusion regarding the accused products and their affiliation with Devolver, Dennaton Games, or Hotline Miami.

<u>Defendants' Position:</u> Defendants will seek discovery on at least the following: Devolver's claimed chain of title to the Hotline Miami copyrights, including any writings satisfying 17 U.S.C. § 204(a) and Devolver's agreements with Dennaton Games and its principals; the scope, duration, and sublicensing authority of any license Devolver holds; the negotiation, performance, and termination of the Agreement, including Sections 5, 9, 18, and 19, and the June 26, 2019 correspondence from Devolver's then-counsel; the preparation, submission, and factual basis of each DMCA takedown notice Devolver caused to be submitted, and the identity and knowledge of each person involved; Devolver's December 2025 copyright applications and the representations made in them; Devolver's representations concerning its rights in the asserted works, including to courts, the Copyright Office, and online service providers; Devolver's communications with third parties concerning ESC, Mr. Chatel, or the accused products; and

damages.

Defendants' position concerning the written discovery Devolver served on April 16, 2026, while this action was pending in the Western District of Texas, and the deposition notice served on June 26, 2026, will be set forth in Defendants' opposition to Devolver's motion to compel (Dkt. 47), due July 22, 2026, and is not waived here. Defendants note that they requested a stay of discovery and disclosure obligations in the parties' joint report in the transferor court (Dkt. 14, § F); that no ruling issued before transfer; and that no scheduling order has yet been entered in this District. Defendants respectfully submit that these disputes are appropriately addressed at the case management conference requested below.

**c. Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties do not anticipate that this case poses any issues relating to the disclosure or discovery of electronically stored information ("ESI"). The Parties will work on a draft ESI order to be jointly submitted to the Court for review, which will include logging of privileged information. The Parties agree to service by email.

**d. Protective Order (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties are working together to prepare a draft of a stipulated protective order to govern the production of information in this case. The Parties do not currently anticipate any issues about claims of privilege or of protection as trial-preparation materials outside the scope of the need for a stipulated protective order, which will include a provision regarding the inadvertent production of privileged materials.

Devolver's Position: Devolver does not agree to any protective order that does not affirmatively prohibit Defendants' counsel from using such materials in the numerous other cases in which they represent Defendants.

Defendants' Position: Defendants agree that a stipulated protective order is appropriate and will circulate a proposed two-tier order (Confidential and Highly Confidential – Attorneys' Eyes Only) that includes a Federal Rule of Evidence 502(d) provision. Defendants do not agree to Devolver's demand for a blanket provision prohibiting Defendants' counsel from using

produced materials in other litigation. The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation," and restrictions on such use turn on particularized, document-specific showings under the governing framework, not a categorical prohibition. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–32 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). Any dispute concerning particular materials can be addressed under the procedures of the stipulated protective order.

**e. Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

The parties agree that the standard limitations on discovery under the Federal Rules shall apply without prejudice to either party's ability to seek leave for additional discovery under Fed. R. Civ. P. 26(b)(1) and (2).

**f. Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

Apart from the stipulated ESI and protective orders discussed above, the Parties do not believe any other orders are required at this time.

**IV. DISCOVERY PLAN PER LR -26-1(b)**

Defendants answered and first appeared in this District on June 5, 2026. Dkt. 33.

<u>Devolver's Position</u>: Devolver's proposal for the deadlines contemplated by LR 26-1(b)(1)-1(b)(6) are set forth below. Each falls within the Rule's default limits.

Devolver proposes that fact discovery end on November 2, 2026 and expert discovery end on December 2, 2026 (both within the 180-day limit).

| Deadline | Date |
|---|---|
| Last day to amend pleadings or join additional parties | June 29, 2026 (Monday) |
| Initial expert disclosures; Fed. R. Civ. P. 26(a)(2) reports (served, not filed) | October 2, 2026 (Friday) |
| Rebuttal expert disclosures; Fed. R. Civ. P. 26(a)(2) reports (served, not filed) | October 30, 2026 (Friday) |

| | |
|---|---|
| Fact discovery cut-off date | November 2, 2026 (Monday) |
| Expert discovery cut-off date | December 2, 2026 (Wednesday) |
| Dispositive motions | December 31, 2026 (Wednesday) |
| Joint pretrial order | January 30, 2027(Friday)<br>Per LR 26-1(b)(5), if dispositive motions are filed, the joint pretrial order deadline will be suspended until 30 days after the decision on the dispositive motions or further court order. And per LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order. |

Defendants' Position: Defendants' proposed deadlines are set forth below. Each is measured from Defendants' answer and first appearance in this District on June 5, 2026 (Dkt. 33)—the same trigger date Devolver's proposal above employs—and each falls within LR 26-1(b)'s default limits. Defendants propose a single discovery cut-off of December 2, 2026, for fact and expert discovery, consistent with LR 26-1(b)(1), and do not agree to close fact discovery early on November 2, 2026, given the current posture of document discovery and the pending motion practice.

Defendants do not agree to Devolver's proposed deadline of June 29, 2026 to amend pleadings or join parties. That date expired before this plan was filed; it departs from LR 26-1(b)(2), under which motions to amend pleadings or add parties are due 90 days before the discovery cut-off; and it is earlier than the July 21, 2026 amendment deadline the parties jointly proposed in the transferor court. Dkt. 14 at 6. Defendants propose September 3, 2026.

| Deadline | Date |
|---|---|
| Last day to amend pleadings or join additional parties | September 3, 2026 (Thursday) (LR 26-1(b)(2): 90 days before the discovery cut-off) |
| Initial expert disclosures; Fed. R. Civ. P. 26(a)(2) reports (served, not filed) | October 5, 2026 (Monday) (LR 26-1(b)(3): 60 days before the discovery cut-off; October 3 is a Saturday) |

| | |
|---|---|
| Rebuttal expert disclosures; Fed. R. Civ. P. 26(a)(2) reports (served, not filed) | November 4, 2026 (Wednesday) (LR 26-1(b)(3): 30 days after the initial expert disclosure deadline) |
| Discovery cut-off date (fact and expert) | December 2, 2026 (Wednesday) (LR 26-1(b)(1): 180 days from Defendants' June 5, 2026 answer) |
| Dispositive motions | January 4, 2027 (Monday) (30 days after the discovery cut-off; January 1, 2027 is a legal holiday) |
| Joint pretrial order | February 3, 2027 (Wednesday). Per LR 26-1(b)(5), if dispositive motions are filed, the joint pretrial order deadline will be suspended until 30 days after the decision on the dispositive motions or further court order. Per LR 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order. |

**a. Alternative Dispute Resolution & Case Disposition (LR 26-1(b)(7)- (b)(8))**

The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation, and do not believe that these processes will be productive at this time.

**b. Alternative Forms of Case Disposition (LR 26-1(b)(8))**

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The Parties do not consent to trial by a magistrate judge and do not agree to use of the Short Trial Program.

**c. Electronic Evidence Before the Jury**

The parties have discussed the use of electronic evidence for purposes of jury deliberations as required by LR 26-1(b)(9). Given the early stage of this litigation, the Parties have not yet reached any stipulations regarding the format of evidence to be presented to the jury. The parties will confer further on this issue and submit any stipulations to the Court in advance of trial.

**d. Case Management Conference**

The Parties request a conference with the Court before entry of the Scheduling Order.

Dated: July 20, 2026

Respectfully submitted,

*/s/ Chieh Tung*

Chieh Tung

Attorneys for Plaintiff
Devolver Digital, Inc.

Dated: July 20, 2026

Respectfully submitted,

*/s/ Kevin Hejmanowski*

Leah Martin
Kevin Hejamnowski

Attorneys for Defendants
ESC-Toy, Ltd. and Erick Chatel

**IT IS SO ORDERED.**

Dated:

ANDREW P. GORDON
CHIEF U.S. DISTRICT JUDGE