Leah Martin, Esq.
Nevada Bar No. 7982
Kevin Hejmanowski, Esq.
Nevada Bar No. 10612
601 South Rancho Drive, Suite C26
Las Vegas, Nevada 89106
Telephone: (702) 420-2733
Facsimile: (702) 330-3235
lmartin@leahmartinlv.com
khejmanowski@leahmartinlv.com

*Attorneys for Defendants/Counterclaimants*
*ESC-Toy, Ltd. and Erick Chatel*

Frank F. Sommers, Esq.
(Pro Hac Vice)
227 Princeton Avenue
Mill Valley, California 94941
Telephone: (415) 308-4004
ffs@sommerslawpc.com

Paul J. Steiner, Esq.
(Pro Hac Vice)
580 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 981-6100
Facsimile: (415) 984-0950
paul@sfpaulaw.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEVOLVER DIGITAL, INC.,<br>Plaintiff,<br><br>v.<br><br>ESC-TOY, LTD. and ERICK CHATEL,<br>Defendants.<br>_____<br>ESC-TOY, LTD. and ERICK CHATEL,<br>Counterclaimants,<br><br>v.<br><br>DEVOLVER DIGITAL, INC., TYZ LAW<br>GROUP PC, JONATHAN DOWNING,<br>AND DOES 1 – 100,<br>Counterdefendants. | Case No. **2:26-cv-01534-APG-BNW**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF DEVOLVER DIGITAL, INC.'S MOTION TO COMPEL REGARDING REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES AND DEPOSITION OF ERICK CHATEL**<br><br><br>Chief Judge Andrew P. Gordon<br>Magistrate Judge Brenda Weksler |

///

///

///

**DEFENDANTS' OPPOSITION TO PLAINTIFF DEVOLVER DIGITAL, INC.'S MOTION TO COMPEL REGARDING REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES AND DEPOSITION OF ERICK CHATEL**

Defendants ESC-Toy, Ltd. and Erick Chatel ("Defendants" or "ESC") respectfully submit this Opposition to Plaintiff Devolver Digital, Inc.'s ("Devolver") Motion to Compel Dkt. 47. Devolver's motion rests on a single, incorrect premise; that being, ESC has stalled or being elusive to replying to discovery without any basis. The filed record refutes that premise three times over. ESC preserved, in writing, its request that discovery be stayed and its response deadlines tolled and reset in the parties' Joint Rule 26(f) Report, weeks before the meet-and-confers Devolver describes. Dkt. 14. ESC restated that position in the parties filed June 18, 2026 Joint Status Report, together with its statement that ESC "is prepared to respond to appropriately served discovery under the schedule established pursuant to Local Rule 26-1." Dkt. 39 at 3–4. Furthermore, ESC preserved it a third time in the parties filed July 20, 2026 Joint Discovery Plan and Scheduling Order. Dkt. 50 at 6.

The Court has now set the scheduling conference the parties jointly requested for July 27, 2026. ECF No. 51; Dkt. 50 at 9. Devolver's own authorities confirm that a waiver is discretionary, not automatic; and, this Court defers discovery pending potentially dispositive motions under the very framework Devolver invokes; and that no fees or sanctions may be issued, where, as here, the opposing party's position was substantially justified. The Motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Devolver describes and alleges this as a case of admitted and deliberate refusal. But, the operative Stipulated Discovery Plan and Scheduling Order, signed by ESC's counsel and

filed April 30, 2026, Dkt.14, expressly requested "an order staying all discovery and disclosure obligations pending the Court's ruling on the Motion to Transfer Venue." ESC expressly proposed deadlines be rescheduled to fourteen days after that ruling. Moreover, Devolver's own portion of that same filing concedes that "Defendants proposed that initial disclosures be due May 8, 2026, and discovery be stayed pending the Court's ruling on the Motion to Transfer." A party which memorializes its position in a joint court filing, then restates it in two additional joint filings, Dkt. 39 at 3–4; Dkt. 50 at, is not purposely delaying responding, but is litigating a genuine dispute. Devolver's Motion, mid-litigation transfer, and prior to a discovery schedule order, reflects Devolver compelling discovery prior to its own Motion being ruled upon, and pending before the Court.

Three settled principles defeat the Motion, or at minimum, defeat its request for waiver-with-prejudice and fees. First, a waiver of discovery objections is discretionary, and the Court retains discretion to relieve a late party from the potentially harsh consequences associated with waiver or cause harm to a party. Second, the framework Devolver invokes, (*Kor Media and Tradebay*)(cited *infra*), is the framework for deferring discovery pending potentially dispositive motions; which Devolver has two such motions currently pending. With parties jointly requesting a scheduling conference five days away, compelled discovery timeframes are moot, or at the least, flexible deadlines. Third, no fees or sanctions may be compounded or issues against a party, as ESC's position was substantially justified as a matter of law and preserved in three joint filings.

## II.    RELEVANT BACKGROUND

Devolver served its first set of interrogatories and request for production of documents on April 16, 2026, the same day the parties held their Rule 26(f) conference and

while ESC's motion to transfer venue, Dkt. 10, was pending in the Western District of Texas. Dkt. 47 at 6–7; Dkt. 14 § I. No discovery scheduling order was ever entered in Texas. On May 14, 2026, the subject litigation was transferred to this Court pursuant to the parties' Nevada forum-selection clause. Dkt. 18.

Critically, in the operative Joint Discovery Plan, ESC stated it was of the opinion, should the Court grant Defendants' request for a stay of discovery, pending the Court's ruling on the Motion to Transfer Venue, Dkt. 10, the deadline for initial disclosures shall be calculated and reset to fourteen (14) days after the Court's ruling. Dkt. 14 § II.A. ESC also separately requested an Order staying all discovery and disclosure obligations pending the Court's ruling on the Motion to Transfer Venue. (*Id.* § II.F). Devolver's own portion of the same filing acknowledged Defendants proposed that initial disclosures be due May 8, 2026, and discovery be stayed pending the Court's ruling of the aforementioned Motion to Transfer.

The parties filed a Joint Status Report on June 18, 2026, Dkt. 39, wherein Devolver's acknowledged the "Defendants 'requested' that discovery be stayed in the Joint Rule 26 Report." *Id.* at 2–3. ESC's portion stated a five-part position, the same position presented here, and stated that "ESC is prepared to respond to appropriately served discovery under the schedule established pursuant to Local Rule 26-1," and that "no basis for a motion to compel exists." *Id.* at 3–4. The parties jointly reported: "ACTION REQUIRED BY THE COURT: None required at this time. The parties will submit their Discovery Plan and Scheduling Order by July 20, 2026". Dkt. 33. (*Id.* at 4.)

Devolver then filed a special motion to dismiss ESC's counterclaims under Nevada's anti-SLAPP statute on July 7, 2026, Dkt. 43, wherein said motion was directed at all

seventeen counterclaims. Dkt. 44. One day later, on July 8, Devolver filed the instant Motion to Compel. Dkt. 47.

The parties filed their Joint Discovery Plan and Proposed Scheduling Order on July 20, 2026. Dkt. 50. The plan jointly recites that "Defendants answered and first appeared in this District on June 5, 2026." Dkt. 33. (*Id.* at 7). ESC's portion preserved its position on the April 16 discovery and the deposition notice, stating that it "is not waived here." (*Id.* at 6). Both parties proposed that discovery schedules from the June 5, 2026 answer, which Devolver proposed fact and expert cutoffs of November 2 and December 2, 2026. Defendants proposed a single December 2, 2026 cutoff. (*Id.* at 7–9). The parties then jointly requested a conference with the Court prior to entry of the Scheduling Order. The next day, the conference was set for July 27, 2026 at 11:30 a.m. by the Court. Interestingly, Devolver served new requests for admission on both Defendants the same day as the July 20, 2026 Joint Discovery Plan, due in the ordinary thirty-day schedule. All these filings by Devolver contradicts its July 7, 2026, Dkt. 43, Special Motion to dismiss Defendants' counterclaims under the anti-SLAPP statue.

### III.   ARGUMENT

A.   ESC preserved its stay-and-reset position in three joint filings. This is a disagreement on timing, and not a refusal to respond to discovery.

Devolver's Motion depends on that narrative that ESC is refusing to respond to discovery, with no basis, and raised a stay only belatedly and orally. Weeks before the June and July conferences, Devolver characterized the first time ESC raised the discovery issues. However, ESC's counsel placed the stay request in the operative Joint Rule 26(f) Report. Dkt. 14. (§§ II.A, II.F). ESC then restated its position, in writing, on the docket, in the June

18 Joint Status Report. Dkt. 39. (*Id*. 3–4). Additionally, ESC preserved it a third time in the July 20, 2026, Joint Discovery Plan. Dkt. 50. (*Id* at 6). Devolver's portions of said filings confirm the point, which Devolver acknowledged in the Joint Status Report. Stating that "Defendants 'requested' that discovery be stayed in the Joint Rule 26 Report." Dkt. 39. (*Id* at 2–3). Statements of fact in a party's filings may be treated, at the Court's discretion, as admissions of that party. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226–27 (9th Cir. 1988). Discovery ordinarily proceeds after the Joint Discovery Plan is filed, absent a stipulation or court order; but that default resolves the timing disputes through motion(s), and not by the punitive waiver Devolver seeks. ESC's written, thrice-preserved position, is precisely the kind of dispute the Rules contemplate resolving on the merits.

       B.       Devolver's Own Authorities Establish the Framework for Deferring the Very Discovery It Seeks.

Devolver relies on *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013), and *Matze v. Parler LLC*, No. 2:24-cv-00826-ART-NJK, 2024 WL 4226549, at *1 (D. Nev. Sept. 18, 2024), for the position that transfer and remand motions do not stay discovery because they "are not dispositive in nature." However, the above-referenced authorities prove ESC's arguments. Wherein the reason a transfer motion does not support deferral, it is not potentially dispositive, is the very reason Devolver's pending special motions support ESC's points and arguments. Additionally, the *Kor Media* case applies the Court's established framework for deferring discovery while dispositive motion(s) are pending. (*Id.* at 581). That framework derives from Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (D. Nev. 2011), which holds that although "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." A court may

stay discovery where (1) the pending motion is potentially dispositive; and, (2) it can be decided without further discovery. (*Id.* at 600–03).

Devolver has two potentially dispositive motions pending before the Court. Devolver's Rule 12(b)(6) motion, Dkt. 44, is directed at all seventeen counterclaims and is, by definition, decided on the filed pleadings, without discovery. Interestingly, Devolver frames its special motion, Dkt. 43, in the same way, urging that it be treated in the same manner as a motion under Rule 12(b)(6). Dkt. 43 at 15. In Devolver's own framing, both prongs of the Tradebay test are satisfied. Defendants' position, set forth in their filed Opposition to the Special Motion, in which the special motion in fact amounts a factual challenge, resting on a sworn declaration and exhibits, that must be treated under Rule 56, with the targeted discovery Rule 56(d) affords the non-movant. ECF No. 52 at 5, 21. Either way, this Motion fails if Devolver's dispositive motions are pleadings-stage challenges, as Devolver insists, discovery should be deferred under *Tradebay*; and if the special motion is a factual challenge, as Defendants maintain, the discovery that must proceed is the targeted Rule 56(d) discovery Defendants have requested to oppose that motion, ECF No. 52 at 5, 21, and not the one-way merits discovery Devolver seeks to compel here. Nor must a motion dispose of the entire case, where the pending motion need be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. *Tradebay, LLC v. eBay*, 278 F.R.D.597, at 602, (D. Nev. 2011). Counterclaims Devolver's discovery targets are squarely the subject of its own pending motions. The framework Devolver invokes to compel discovery is the same framework that supports deferring it.

The result is the same, and stronger, under the framework this Court itself applies. In *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL

4810324, at *3 (D. Nev. Oct. 14, 2021), this Court explained that the preliminary peek test can be problematic and harmful to Defendants, as it applies a two-part inquiry in its place, whether the pending dispositive motion can be decided without further discovery, and whether good cause under Fed. R. Civ. P. 26(c)(1) supports deferral. Both parts are met on Devolver's own filings. The Rule 12(b)(6) motion is decidable on the pleadings by definition; where Devolver asks that its special motion be treated identically, Dkt. 43 at 15; and, good cause is established by the burden and expense of one-way merits discovery proceeding while Devolver's own dispositive motions, and the targeted Rule 56(d) discovery ESC has requested opposing them, ECF No. 52 at 5, 21, remain pending. Deferral, moreover, now means days, not months. The parties jointly requested a conference with the Court before entry of the Scheduling Order, Dkt. 50 at 9, at which time the Court set that conference for July 27, 2026. ECF No. 51. Devolver's Motion asks the Court to order one-way merits discovery, without objection, days before the conference. Devolver itself jointly requested. Guided by Rule 1, whichever framework the Court applies, and the sequence Devolver seeks, inverts one its own motions and its own joint filings. The deposition Devolver noticed for July 14, 2026, was served June 26, prior to any discovery plan or scheduling order existed, Dkt. 48 ¶ 9, and did not proceed; the date was vacated. No live deposition dispute remains. What does remain is Devolver's demand that written merits discovery run one way while its own dispositive motions remain pending in the Court.

      C.     Waiver of Objections Is Discretionary, and This District May Relieve a Late Party for Good Cause.

Devolver argument is that ESC waived all objections by not responding within thirty days. But, as previously stated, a waiver is not automatic. The very authority Devolver cites

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), states the waiver rule, while the governing text supplies its express exception: "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Even the authority Devolver quotes state the same exception. Dkt. 47 at 11 (quoting Bishop v. Potter: waiver applies "unless the court, for good cause, excuses the failure"). Richmark itself confirms how far this case sits from waiver territory: the party there never objected at all and first raised its ground months later, in a reply supporting contempt sanctions. 959 F.2d at 1473. ESC's position, by contrast, was stated in writing at the first scheduling opportunity and restated in two more joint filings. Dkt. 14 §§ II.A, II.F; Dkt. 39 at 3–4; Dkt. 50 at 6. As to the requests for production, Rule 34 contains no automatic-waiver provision; waivers arise only by analogy to Rule 33(b)(4), with the same good-cause safety valve. Nor is there any prejudice to Devolver in the schedule ESC proposes, and not cause irreparable harm to Devolver. Devolver's own Motion acknowledges that Devolver proposed fact- and expert-discovery cutoffs of September 23 and December 9, 2026. Dkt. 47 at 11. With Devolver's portion of the Joint Discovery Plan, it proposes cutoffs of November 2 and December 2, 2026. This reflects Devolver's own election from Defendants' June 5, 2026, answer. Dkt. 50 at 7. Also, Dkt. 47 at 11 (LR 26-1(b)(1) gives the parties 180 days from Defendants' June 5, 2026, answer, Dkt. 33, to complete discovery. The LR 26-1 track Devolver now resists providing everything its own proposals sought. The Texas dates Devolver invokes, were never operative by the proposal's own terms. The proposed scheduling order instructed that its deadlines paragraph will be completed by the Court at the initial pretrial conference, and be scheduled by the Court. Dkt.

14-1 ¶ 10, wherein a conference was set for June 2, 2026, Dkt. 15, though that conference never occurred because the case transferred on May 14, 2026. Dkt. 18. This Court applies the good-cause doctrine at its discretion. Furthermore, the Court held that Rule 34 waiver is treated no differently than Rule 33 waiver and that courts retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." (*Id.* at *11–12). Good cause is manifest here. As stated, numerous times, the dispute was preserved in writing in three joint filings; and, no Rule 16(b) scheduling order had issued in Texas; the case transferred mid-window; the scheduling conference is set for July 27; and Devolver identifies no prejudice, to either party, and its own proposed schedules run fact discovery into November 2026. On far thinner records, Courts in this district have excused delay and declined to impose waiver. At an absolute minimum, any waiver should not extend to privilege or work-product protection, which Courts routinely preserve even where other objections are deemed waived.

        D.      No Fees Are Warranted Because ESC's Position Was Substantially Justified.

        Even if the Court orders responses, no fees may issue. Rule 37(a)(5)(A) bars a fee award where the opposing party's nondisclosure, response, or objection was substantially justified, or where other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). The Advisory Committee is explicit that disputes over discovery between the parties [may be] genuine, though ultimately resolved one way or the other by the court, and "[i]n such cases, the losing party is substantially justified in carrying the matter to court." Fed. R. Civ. P. 37 advisory committee's note. If a position is substantially justified, and justified to a degree that could satisfy a reasonable person, or it need not be correct.

In the Rule 37 setting, the standard is met where "a genuine dispute exists" or "reasonable people could differ as to the appropriateness of the contested action." *Lester v. City of Lafayette,* 639 F. App'x 538, 542 (10th Cir. 2016), ESC's position easily meets that standard, and the contemporaneous filed record refutes the characterization on which Devolver's fee request rests. Devolver asserts that Defendants' counsel stated Defendants would "never" respond. Dkt. 47 (at 9 citing Tung Decl. ¶ 6). Three days after the June 15 conference, however, ESC stated on the docket that it is prepared to respond to appropriately served discovery under the schedule established pursuant to Local Rule 26-1. Dkt. 39 (at 3–4). The parties jointly reported that no court action was required at that time because the Discovery Plan was due July 20. (*Id.* at 4). ESC's conduct matches its filed word. ESC negotiated and filed the Joint Discovery Plan, Dkt. 50; and served its own written discovery on Devolver on July 15, 2026. ESC is responding to the Requests for Admission Devolver served on July 20, 2026 on the ordinary Rule 36 schedule. Devolver's own conduct likewise treats the LR 26-1 track as operative, and agreed no court action was needed in June, Dkt. 39 at 4. Plaintiff proposed discovery cutoffs running into November and December 2026 measured from the June 5 answer, Dkt. 50 at 7. Devolver jointly requested the scheduling conference now set for July 27, (*Id.* at 9; ECF No. 51; and continues to serve new discovery on the ordinary schedule. A party engaged at every step of the LR 26-1 process, whose positions were preserved in three joint filings, and whose opponent's own filings twice adopt the same June 5 trigger date, is substantially justified as a matter of law. ESC also engaged in the good-faith conferences required by LR IA 1-3(f) rather than defaulting silently. Fees are therefore barred.

///

E.      Devolver's Filing of an Anti-SLAPP Special Motion Counsels Deferral of Discovery.

On July 7, Devolver invoked Nevada's anti-SLAPP statute, NRS 41.660, to seek dismissal of ESC's counterclaims. Dkt. 43. One day later it moved to compel. Dkt. 47. To be clear, Defendants do not contend that the state statutes for discovery limiting displaces the Federal Rules in this Court. As the Ninth Circuit has held it does not. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); see Defendants' Opposition to Special Motion to Dismiss ECF No. 52 at 2, 4. The point is Devolver's inconsistency. The statute Devolver invokes is built for early resolution before merits discovery, and channels any pendency period discovery through the limited mechanism of NRS 41.660(4)—a mechanism Devolver bypassed entirely. Devolver cannot claim the statute's substantive protections and fee remedies while treating its architecture as a nullity the moment discovery serves Devolver's own interests. Under the Federal Rules, the vehicle for managing discovery while potentially dispositive motions are pending is Rule 26(c) and the framework addressed in Section III.B. As previously stated above, both counsel have deferred this Motion pending resolution of the anti-SLAPP and Rule 12(b)(6) motions and entry of the scheduling order that is the subject of the July 27, 2026 conference. ECF No. 51.

## IV.   CONCLUSION

For the foregoing reasons, ESC respectfully requests that the Court DENY Devolver's Motion to Compel or, in the alternative: (1) excuse any waiver for good cause and set response dates through the forthcoming LR 26-1 scheduling order; (2) preserve privilege and work-product protection in all events; (3) deny Devolver's request for fees and costs because ESC's position was substantially justified; and (4) set the deposition of Mr.

Chatel and the written-discovery deadlines through the LR 26-1 scheduling order, the subject of the conference this Court has set for July 27, 2026, ECF No. 51, and the resolution of Devolver's pending dispositive motions. ESC further requests oral argument pursuant to LR 78-1.

Dated: July 23, 2026

Respectfully submitted,

**LEAH MARTIN LAW**
By: /s/ *Kevin Hejmanowski*
Leah A. Martin (NV Bar No. 7982)
Kevin Hejmanowski (NV Bar No. 10612)
Frank Sommers (Pro Hac Vice pending)
Paul J. Steiner (Pro Hac Vice)
Attorneys for Defendants/Counterclaimants
ESC-Toy, Ltd. and Erick Chatel

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2026, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF DEVOLVER DIGITAL, INC.'S MOTION TO COMPEL REGARDING REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES AND DEPOSITION OF ERICK CHATEL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____

An Employee of Leah Martin Law