RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

KEITH D. WILLIAMS, No. 10796
kwilliams@kcnvlaw.com
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Telephone: 702.792.7000
Facsimile: 702.796.7181

Attorneys for Plaintiff
Devolver Digital, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEVOLVER DIGITAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ESC-TOY, LTD. and ERICK CHATEL,<br><br>Defendants. | Case No: 2:26-cv-01534-APG-BNW<br><br>**DEVOLVER'S FIRST MOTION TO MODIFY CASE SCHEDULE BASED ON DEFENDANTS' CONTINUING FAILURE TO COMPLY WITH THE COURT'S ORDER (DKT. 57)** |
| ESC-TOY, LTD. and ERICK CHATEL,<br><br>Counterclaimants,<br><br>v.<br><br>DEVOLVER DIGITAL, INC., TYZ LAW GROUP PC, JONATHAN DOWNING, and DOES 1-100,<br><br>Counterdefendants, | |

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff Devolver Digital, Inc. Devolver requests that the Court amend the expert disclosure schedule in this matter due to Defendants' continuing failure to comply with the Court's discovery order at Dkt. 57 (the "Order"). This is Devolver's first request for a modification of the case schedule at Dkt. 63, and Devolver does not seek an extension of any other deadline. Specifically, Devolver requests an order extending opening expert disclosures to 30 days after Defendants' compliance with the Order and setting the rebuttal expert disclosures to 15 days after the opening expert disclosures. Good cause exists because the discovery subject to the Order is highly relevant to expert reports and Devolver has done everything to obtain the discovery prior to filing this motion.

## I. BACKGROUND

### A. Defendants Have Produced No Documents Despite a Court Order

On July 23, 2026, the Court granted Devolver's motion to compel (Dkt. 47) and ordered Defendants to serve complete and substantive responses to Devolver's April 16, 2026 discovery requests, to produce all responsive documents, and to produce Erick Chatel for deposition, on or before August 6, 2026 (Dkt. 57).

Defendants complied only in part. Defendants answered half the interrogatories and RFPs and produced no documents. Dkt. 86 (Tyz Decl. ISO Sanctions Motion) ¶ 6. They produced Mr. Chatel for deposition on August 6 but abruptly left with still two hours on the record. Dkt. 86-4 (Chatel Tr.) at 235:22-236:19; 237:22-23. As of this filing, Defendants have done nothing else to comply with the Court's order. Tung Decl. ¶ 2. They have not produced any documents, served responses to the outstanding interrogatories, or offered Mr. Chatel to complete his deposition. *Id.*

### B. Defendants Misrepresented Their Production to the Court and to Devolver

On August 11, 2026, Devolver filed its Motion for Sanctions for Violating the Court's Order, which remains pending before the Court. Dkt. 84. Three times in the two weeks after Devolver moved for sanctions, Defendants stated that their document production had occurred or would occur on a date certain—twice to this Court and once to Devolver in writing. Not one of those statements was true, and the only one Defendants withdrew, they withdrew only after Devolver caught it.

The first came on August 13, when Defendants moved for leave to file a reply in support of their motion for reconsideration of the Order. Defendants represented to the Court that on August 6, "Defendants served their discovery responses and made their document production that same day." Dkt. 88 at 9. They had not. Dkt. 90-1. They also attributed that statement to Devolver's counsel's declaration, which stated the opposite. Dkt. 82-1. Devolver opposed the motion and told the Court that Defendants had produced no documents on August 6. Dkt. 90. Only then did Defendants file an "errata" withdrawing the statement, conceding that it was "not accurate" but offering no explanation for having made it. Dkt. 91.

The second came five days after that. In opposing the sanctions motion on August 18, Defendants stated that they "will serve the remaining two sets [of discovery responses] on or before August 21, 2026, and will commence rolling document production on or before that date." Dkt. 92 at 9. Defendants "ask[ed] that it be made an order, so that the schedule is enforceable against them." *Id*. Contrary to what they told the Court, Defendants served no discovery responses and produced no documents on August 21. Dkt. 100 (Devolver's Mot. to Supplement) at 1; Dkt. 101 (order granting motion to supplement).

Then, on August 25—in a third representation—Defendants stated in a letter to Devolver that "[o]n August 21, 2026, Defendants served the remaining two response sets and commenced rolling document production." Tung Decl., Ex. 1. Devolver immediately responded that it had received no discovery or documents from Defendants on August 21 and repeatedly demanded proof of service. *Id.* ¶ 4, Ex. 2-3. Defendants promised three times to respond but never did. *Id*. On September 14, 2026, counsel for Defendants finally conceded in a conference that Defendants had not produced any documents to date. *Id.* ¶ 6.

**C. Defendants Ignored Devolver's Request for a Stipulation**

On September 23, 2026, Devolver proposed that the parties stipulate to extending the opening expert disclosure by three weeks and rebuttal expert disclosure by two weeks and provided a draft stipulation. Tung Decl. Ex. ¶ 8, Ex. 7. Devolver stated that the extension was necessary given that significant discovery was still outstanding, including the discovery subject to the Order. *Id.* Devolver stated that if Defendants would not agree or do not respond, it would

move the Court for an extension. *Id.* As of this filing, Defendants have not responded. *Id.*

**D. Information Required by LR 26-3**

**Discovery Completed**. To date, Devolver and Defendants have each propounded written discovery, including interrogatories, requests for production of documents, and requests for admission. Tung Decl. ¶ 9. Devolver served its first set of interrogatories and requests for production of documents on April 16, 2026, and its first set of requests for admissions on July 20, 2026. *Id.* Defendants served their first set of interrogatories, requests for production of documents, and requests for admissions on July 15, 2026. *Id.* Even though Defendants' discovery requests were served long after Devolver's, Devolver has begun producing documents and will continue rolling productions. *Id.*

**Discovery That Remains to be Completed**. Significant discovery called for by the Order remains outstanding. Defendants have not produced any documents to date. Tung Decl. ¶¶ 2, 10. Defendants have not served responses to Devolver's First Set of Interrogatories to Defendant ESC-Toy or Devolver's First Set of Requests for Production of Documents to Erick Chatel. *Id.* ¶ 10. Defendants have not yet offered Mr. Chatel to complete his deposition. *Id.* Each of these outstanding categories of discovery is subject to Devolver's pending motion for sanctions. *See* Dkt. 84.

**Reasons Why Remaining Discovery Was Not Completed Within Time Limits**. Defendants have provided no explanation as to why they have not produced any documents, served the outstanding interrogatory and RFP responses, or produced Mr. Chatel for a continuing deposition, notwithstanding the Order. Tung Decl. ¶ 11.

## II. ARGUMENT

Under the current schedule, opening expert disclosures are due October 5, 2026 and rebuttal expert disclosures are due November 4, 2026. Dkt. 63. Given Defendants' ongoing failure to comply with the Order and their refusal to stipulate to an extension, Devolver requests that the Court extend the opening expert disclosure deadline to 30 days after Defendants' compliance with the Court's Order—including (a) production of all responsive documents, (b) service of the outstanding interrogatory and RFP responses, and (c) producing Mr. Chatel to complete his

deposition—and set the rebuttal expert disclosure deadline 15 days after the opening deadline.

The Motion is supported by good cause. Devolver has diligently pursued the discovery necessary for its expert disclosures, including by serving its April 16, 2026 discovery requests, meeting and conferring on those requests, moving to compel (Dkt. 47), obtaining the Order (Dkt. 57), and moving for sanctions (Dkt. 84). Devolver also sought this discovery by third-party subpoena, but Defendants objected and—after saying they would move for a protective order on a shortened schedule—never did, leaving the third parties unwilling to produce based on Defendants' objections. Tung Decl. ¶¶ 5-7, Exs. 4-6.

The requested extension does not prejudice Defendants, because the need for it is the direct consequence of their own failure to comply with the Order. Rather, it is Devolver that has been severely prejudiced by Defendants' willful non-compliance with a Court order and forced to seek additional time to prepare expert disclosures it could have completed had Defendants produced the ordered discovery. The extension sought is also limited: Devolver seeks only the time it needs to receive and review Defendants' document production and complete Mr. Chatel's deposition and does not seek to change any other deadline. The reasons for the delay—Defendants' non-compliance and the resulting third-party refusals—are not within Devolver's reasonable control, and Devolver seeks relief in good faith, only after exhausting its options through motion practice and third-party subpoenas and after first attempting to resolve the schedule with Defendants. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## III. <u>CONCLUSION</u>

For the reasons above, Devolver respectfully requests that the Court extend the opening expert disclosure deadline to 30 days after Defendants' full compliance with the Court's Order, with rebuttal expert disclosures due 15 days after opening expert disclosures.

///

///

///

///

Respectfully submitted,

Dated: September 25, 2026

*/s/ Chieh Tung*
Chieh Tung

RYAN TYZ (CSB No. 234895)
Admitted pro hac vice
ryan@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
Admitted pro hac vice
ciara@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
Admitted pro hac vice
chieh@tyzlaw.com
TYZ LAW GROUP PC
1 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: 415.868.6900

KEITH D. WILLIAMS, No. 10796
kwilliams@kcnvlaw.com
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, NV 89135
Telephone: 702.792.7000

Attorneys for Plaintiff
Devolver Digital, Inc.